UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD F. HASBROUCK,

    Plaintiff,

v.                                                          Case No. 3:18-cv-1422-J-39JBT

THE FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Gerald F. Hasbrouck, an inmate of the Florida penal system, initiated this action on November 30, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants the Florida Department of Corrections (FDC); two institution doctors, Figuroa and F. Cruz; the medical administrator, Ms. Morgan; and the assistant warden, Mr. F. Mack. He names all Defendants in their "official" capacities, and he seeks injunctive relief. See Complaint at 19.

In his request for relief (section VI of the civil rights complaint form), Plaintiff states that he wants his wheelchair fixed, would like an appointment with a cardiologist, and would like x-rays for his foot and lower back. See id. However, his factual allegations do not support the relief he seeks. Rather, Plaintiff states, in a narrative that spans fourteen pages, that the FDC correctional officers violate the laws, yet face no criminal sanctions. Id. at 6, 10, 13, 14. He states that his Complaint is intended to be a "motion of injustice," whereby he asks that Defendants be held accountable for their "conduct unbecoming []

state law officer[s]." Id. at 13. Plaintiff asserts that Defendants retaliate against inmates for filing complaints, id. at 9, deny Jewish inmates kosher meals, id. at 7, subject prisoners to cruel and unusual punishment, including torture akin to action taken by the Nazis in World War II, id. at 8-9, and deny inmates medical care, id. at 8, 10. He claims that, as an inmate of the Jewish faith, he has the "right to seek out" who has given the FDC the authority to violate the constitution using "Nazi-nasticizm [sic] punishment." Id. at 10, 12.

In support of his allegations, Plaintiff attaches grievance documents and a letter. The documents relate to his wheelchair issues. Id. at 26. In a grievance dated June 5, 2018, he complains about his broken "four-wheel walker," though he also states that the "ADA-Admin [told him] that they have order[ed] [him] a new one," but he still has not received it. Id. at 25, 26. He also states that he has a lawyer who is assisting him. Id. It appears that the lawyer he references is a staff attorney with Disability Rights Florida (DRF). Id. at 23. The staff attorney wrote to Plaintiff on October 4, 2018, informing him that "[t]he accessibility issues are being addressed on the settlement agreement for Case No. 4:16-cv-47-RH-CAS." Id. The attorney further noted that it may "take some time for the architectural changes to take place." Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he has failed to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).

However, "[t]o show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

First, the plaintiff must satisfy the objective component by showing that he has a serious medical need. Brown, 387 F.3d at 1351. Next, the plaintiff must satisfy the subjective component, which requires the plaintiff to "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.") (citing Farrow, 320 F.3d at 1245). Allegations of medical negligence fail to satisfy the subjective component of an Eighth Amendment deliberate indifference claim under § 1983. See Estelle, 429 U.S. at 105-06. More specifically, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'").

As noted, Plaintiff's factual allegations are devoted to reporting various injustices he and other inmates face at FDC. Plaintiff's only allegations about his medical needs appear in Section V ("Injuries") of his civil rights complaint form. See Complaint at 19. He states Defendants Figuroa and Cruz took away his wheel chair "because they wouldn't fix its seat," which results in him standing and walking longer than he should, and they

4

"still will not take [him] to see a heart doctor for [his] three-month check-up." Id. He also states that he "would like" to have x-rays of his lower back and foot. Id.

As to Plaintiff's request to have his wheelchair repaired, it appears that his request has not been denied. In his own grievance, he acknowledges that he was told a new one either was ordered or would be ordered. See id. at 25. Thus, his allegations fail to satisfy the deliberate indifference standard. Moreover, this Court takes judicial notice of Case No. 4:16-cv-47-RH-CAS, a case commenced by DRF on January 26, 2016, on behalf of disabled inmates in the custody of the FDC. See Complaint (Doc. 1), Case No. 4:16-cv-47-RH-CAS. In its complaint, DRF alleges that the FDC "systematically violates the federal laws protecting persons with disabilities," including prisoners with mobility impairments by failing to provide and maintain wheelchairs. Id. at 5, 8. The case settled on July 7, 2017. See Mediation Report (Doc. 80), Case No. 4:16-cv-47-RH-CAS. To the extent Plaintiff complains that the terms of the settlement have not been satisfied, he should pursue relief as provided by the settlement. For instance, the parties agreed that the settlement would not be "enforceable by order of the Court," but rather would be enforceable through a breach of contract action in state court. See Joint Motion (Doc. 84), Case No. 4:16-cv-47-RH-CAS.

With respect to Plaintiff's requests for x-rays, and for a follow-up appointment with a cardiologist, his Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678. Plaintiff does not allege that he requires or has submitted proper requests for the treatment he seeks. At most, he suggests that medical providers have been negligent or have delayed making appointments. Plaintiff's bare allegations that he "would like" to have

appointments do not demonstrate that his medical care is "so grossly incompetent, inadequate, or excessive as to shock the conscience." See Harris, 941 F.2d at 1505. Thus, Plaintiff fails to state a claim under the Eighth Amendment for deliberate indifference. Plaintiff should seek relief through the prison grievance process if he has medical needs that have not been addressed.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of December, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Gerald F. Hasbrouck